112 So.2d 220

Robert HOLLINGER

v.

STATE.

1 Div. 779.

Court of Appeals of Alabama.

May 12, 1959.

**282**

Windell C. Owens, Monroeville, for appellant.

John Patterson, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This is an appeal from a judgment finding the appellant guilty of maliciously injuring property. The trial below was before the court without the intervention of a jury.

Only one witness testified in the trial below. He was Ben S. Rivers, manager of the Monroe Theater. His testimony was to the effect that a fight started in the balcony of his theater. He ejected the appellant and another man from the theater. The appellant had a knife in his hand, and on the way out the other man picked up two soft drink bottles. On the outside of the theater this other man, who was unknown to the witness, threw the bottles at the appellant, missed him, and instead hit a glass in the box office, breaking same. The appellant started toward the bottle thrower, who, in his retreat, ran into a ladder. The ladder was knocked into and broke a neon sign.

One cannot be held responsible for the criminal act of another, unless he conspired with, or aided and abetted the perpetrator of the act. The above principle is so elemental we refrain from citing authority supporting it, though numerous cases could be cited.

We can read no meeting of the minds of the appellant and his opponent to do any act in concert. Indeed they were at each other in combat, and any mutual agreement on any subject is one thing that cannot possibly be inferred from their conduct. This being so it is obvious that the evidence is entirely insufficient to support the judgment rendered.

Reversed and remanded.