TYSON, Judge.
Joe Ranger Pickett was indicted for robbery in the first degree in violation of § 13A-8-41, Code of Alabama 1975. The jury found the appellant “guilty as charged in the indictment” and the trial court sentenced him to 99 years’ imprisonment as a habitual felony offender.
Elvin Frazier testified that on the morning of February 5, 1985, the appellant was at his house in Brundidge, Alabama visiting Darrell Struggs, who lived with Frazier. Around 11:00 a.m., Struggs asked Frazier if he could borrow his 1980 reddish-orange Chevrolet Monza. Frazier agreed and Struggs and the appellant then left. Struggs returned to Frazier’s house at 2:00 or 2:30 that afternoon.
Joan Carter testified that she and her husband owned Carter’s O.K. Ramage in Brundidge on February 5, 1985. Around noon on that day, two black males came into the store and bought two dark blue ski masks. She identified the appellant as one of those men.
Douglas Myhand stated that sometime between 12:00 and 1:00 on the day in question, he saw two black males walking away from a reddish car parked behind a service station on the corner of University and South Brundidge Street in Troy. This filling station is around the corner from the University Branch of the First Alabama Bank. Although Myhand was unable to identify the two men, he stated that both had on dark clothing.
At approximately 12:50 on February 5, 1985, Ann Smith and Muriel Middleton were working as tellers at the First Alabama Bank’s University Branch in Troy. Two men wearing dark clothing and dark blue ski masks came into the bank. Both men had guns and demanded money. The two women gave them $4,262 and the two men then left.
Fred Morris stated that, as he was driving down University Avenue around 1:00 p.m. on the day in question, he saw a black male with a pistol in one hand and a sack in the other hand running down the street toward Brundidge Street. Morris identified Struggs as the man he saw that afternoon.
Veronica McBryde testified that Struggs and the appellant came to her house at approximately 2:00 p.m. The two changed clothes and she threw away the clothes they had been wearing.
*674 Thirty minutes later, Struggs and McBryde left in Frazier’s car. The appellant went across the street to Willie Starks' house. He had a paper sack with him.
Struggs took the stand and testified. He stated that he and the appellant left Frazier’s house on the morning in question in Frazier’s red Monza. They went to the O.K. Ramage Store and bought two blue ski masks. The two then went to Troy and drove around the First Alabama Bank several times before parking behind a service station.
Struggs and the appellant then went into the bank and informed the tellers that a robbery was in progress. They put the money in a pillowcase and left.
At McBryde’s house the two changed clothes and split the money which amounted to $4200. The appellant put his money in a paper bag and left. Struggs then returned the car to Frazier.
Struggs testified that he entered a plea of guilty for this offense and received a 30 year sentence.
Grady Reeves, Chief of Police in Troy, testified that part of the money was recovered from Struggs. A weapon was found at his residence.
Three months after the robbery occurred, the appellant turned himself in to the police.
I
The appellant’s sole contention on appeal is that his conviction is based upon the uncorroborated testimony of Struggs.
“A conviction of felony cannot be had on the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense, and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient.
Ala.Code § 12-21-222, Code of Alabama 1975.
“The formula applied to the corroboration statute, Ala.Code § 12-21-222 (1975), requires that the evidence of the accomplice must first be ‘eliminated’ and then, if upon review of all other evidence before the trial court at the time of the motion to exclude, there is found to be sufficient incriminating evidence which would tend to connect the accused with the crime, sufficient corroboration exists. Ware v. State, 409 So.2d 886 (Ala.Cr.App.1981), cert. denied, 409 So.2d 893 (Ala.1982); Mills v. State, 408 So.2d 187 (Ala.Cr.App.1981); McCoy [v. State, 397 So.2d 577 (Ala.Cr.App.1981)], supra; Staton v. State, 397 So.2d 227 (Ala.Cr.App.), cert. denied, 397 So.2d 232 (Ala.1981).”

“ ‘The corroboration of an accomplice must tend to connect the accused with the commission of the crime but need not refer to any statement or fact testified to by the accomplice. “Corroborate means to strengthen, to make stronger; to strengthen, not the proof of any particular fact to which the witness has testified, but to strengthen the probative, cri-minating force of his testimony”.... The corroborative evidence need not be strong, nor sufficient of itself to support a conviction, the criterion being that it legitimately tend to connect the accused with the offense_ Corroborative evidence need not directly confirm any particular fact nor go to every material fact stated by the accomplice_ Corroborative evidence need not directly connect the accused with the offense but need only tend to do so.... (“[B]ut, as we read the cases, the corroboratory evidence, if it meets the test of ‘tending to connect the defendant with the commission of the offense’, need not be, in and of itself alone, that tending in any wise to fasten guilt upon the defendant”); 23 C.J.S. Criminal Law § 812(3) (1961). The sufficiency of corroborating evidence is established if its probative value tends to connect the defendant with the commission of the crime.... The corroboration of an accomplice may be shown by circumstantial evidence.’ (Citations omitted) Andrews v. State, 370 So.2d 320, *675 322 (Ala.Cr.App.), cert. denied, 370 So.2d 323 (Ala.1979).”
Harris v. State, 420 So.2d 812, 817 (Ala.Crim.App.1982).
“In certain instances, association with the accomplice tending to show the accused’s proximity, chronologically and geographically, to the alleged offense may furnish sufficient corroboration. Ross v. State, 74 Ala. 532 (1883); DeGraaf v. State, 34 Ala.App. 137, 37 So.2d 130 (1948).”
Andrews v. State, 370 So.2d 320, 322 (Ala.Crim.App.), cert. denied, 370 So.2d 323 (Ala.1979).
Also, “... indications of conciousness of guilt may be considered as corrobative evidence. Freeman v. State, 41 Ala.App. 512, 138 So.2d 56 (1962).” Andrews, supra at 322.
There was testimony at trial that the appellant and Struggs left Frazier’s house in Frazier’s red car at 11:00 a.m. on the day of the robbery. A short while later, the appellant and another man bought blue ski masks at the O.K. Ramage Store. Shortly before the robbery, two black males were seen walking away from a red car which was parked behind a filling station located near the First Alabama Bank in question. Two men wearing blue ski masks robbed this bank. Struggs was seen running from the bank with a gun and a bag shortly after the robbery. Struggs and the appellant went to McBryde’s house about an hour after the robbery occurred. They changed clothes and instructed McBryde to throw away their clothing. The appellant left McBryde’s with a paper sack.
A consideration of all the facts of this case in light of the authorities cited above lead us to conclude that the testimony of Struggs was sufficiently corroborated. There was corroborative evidence presented at trial which tended to connect this appellant to the commission of the offense charged in the indictment.
Therefore, this cause is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.