The appellant was found guilty of criminal mischief in the first degree, in violation of § 13A-7-21, Code of Alabama
(1975). He was sentenced to five years' imprisonment.
Wendy Holley testified that, early on the night in question, Horace Marlow, Robby Roberson and she saw the appellant at Zippy Mart. The appellant was with his wife. Robby Roberson began talking to the appellant, and the appellant asked him "to go and eat some oysters with him and drink some beer." Horace Marlow had to take his truck home, so, thereafter, they got Wendy Holley's car. She testified that Ford Motor Company had title to the car and her parents leased it. She made the monthly car payments to her father who, in turn, paid Ford Motor Company. They drove in Holley's car to the outskirts of Lockhart, Alabama, on a dirt road. They remained there, drinking and eating, until 4:30 a.m. Holley testified that the appellant's wife and she then went to get more beer and take Horace Marlow home. When they returned, the appellant's wife "passed out" in the front of the truck and, after daybreak, the conversation turned to a discussion of Holley's car and the fact that it "had never been any good" and "it hadn't caused anything but trouble." Holley testified that the appellant then stated, "I can take care of that" and said something about getting rid of the car. The appellant then instructed Robby Roberson and Wendy Holley to follow him. She and Robby Roberson, in her car, followed the appellant, in his truck, a little further down the road. Wendy Holley testified that they wiped the fingerprints off the car and the appellant stated, "Hand me a light." The appellant and Robby Roberson told her to get in the truck and she observed her vehicle go "up in smoke." She further testified that, before the appellant asked Robby Roberson for a light, the appellant got some gas out of his truck. However, she testified that she "didn't actually see it done." She testified that, after the burning, the appellant told them to keep quiet. Robby Roberson and she then made up a story to tell the police. The following day, they informed the police that the car had been stolen, however, Robby Roberson and she were subsequently arrested. Wendy Holley testified that she pleaded guilty to criminal mischief in the first degree and did not plea bargain regarding testifying against the appellant.
Robby Roberson also testified for the prosecution and stated that he pleaded guilty to criminal mischief in the first degree and that no promises or agreements were made concerning his testimony against the appellant. Roberson substantiated the testimony of Wendy Holley and further added that the appellant originally suggested that they leave the car in Ft. Walton so that it would be stolen. Roberson also testified that he alone wiped the fingerprints off the car. The appellant then opened the hood of his truck, cut his gas line, and put gas in a Budweiser can. The appellant then told Roberson to get in the truck. The appellant poured gas on a sheet from the back of Holley's car and lit it, using Roberson's lighter. Roberson, however, testified that the appellant suggested *Page 608 
that they "make up some story," so Roberson suggested to Holley that they claim that the car ran out of gas and they had to walk home.
Investigator Maxwell Hooks, of the Covington County Sheriff's Department, testified that, in the course of his investigation, he took a statement from the appellant in which the appellant admitted to having been present with Wendy Holley and Robby Roberson when the car was burned. He further stated that he had been drinking and that, during conversation, the topic of burning the car was discussed. He admitted loosening the gas line in his truck and filling a beer can with gas, which he poured inside the car. He did not, however, admit to striking the match. During the trial, the appellant again admitted drawing the gas from his fuel pump and pouring the gas, but he denied setting fire to the car.
 I
The appellant argues that the trial court erred in sustaining the State's challenge for cause of a juror who stated that he could not convict on circumstantial evidence. The appellant relies on Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770,20 L.Ed.2d 776 (1968) to argue that the fact that a juror could not or would not convict on circumstantial evidence is not sufficient to excuse him.
According to § 12-16-152, Code of Alabama (1975) (in pertinent part):
 "On the trial for any offense which may be punished capitally or by imprisonment in the penitentiary, it is a good cause of challenge by the State that the person . . . thinks that a conviction should not be had on circumstantial evidence, which cause of challenge may be proved by the oath of the person or by other evidence."
The policy of this section is to establish circumstantial evidence as equal to positive evidence. Nail v. State,12 Ala. App. 64, 67 So. 752 (1915). "It has long been the accepted rule in this jurisdiction that the court had the right to reject for cause ex mero motu the juror who on his qualification stated that he would not convict on circumstantial evidence." Williams v. State, 241 Ala. 348,349-50, 2 So.2d 423, 424 (1941). See also Jackson v. State,56 Ala. App. 94, 319 So.2d 290 (1975).
The dictates of Witherspoon v. Illinois, supra, do not apply to a situation where a potential juror is challenged for cause because he could not convict on circumstantial evidence. We find no error in the trial court sustaining the State's challenge for cause.
 II
The appellant argues that the trial court should not have allowed his statement into evidence because the State failed to prove that the statement was voluntarily made. Specifically, he argues that it was not voluntary because Investigator Maxwell Hooks did not deny having told the appellant's co-defendants that they needed "to go on and tell the story" and "get this behind you or words to that effect". Investigator Hooks further testified that he could not recall whether he had made such a statement to the appellant. The appellant also charges that his statement was not voluntary because he was threatened with his wife being charged if he refused to give a statement.
The trial court properly allowed the appellant's statement into evidence. Investigator Hooks testified that neither he nor anyone in his presence threatened, coerced, intimidated, or promised any reward to the appellant for making a statement. He further testified that the appellant freely and voluntarily waived his rights, agreed to talk, and signed a waiver of rights form. Any alleged threats made by Investigator Hooks to the appellant's co-defendants are not relevant to the appellant's statement because there was no indication in the record that threats made to the appellant's co-defendants were communicated to him. See Culombe v. Connecticut, 367 U.S. 568,602, 81 S.Ct. 1860, 1879, 6 L.Ed.2d 1037 (1961) (a suspect's will is overborne for the purpose of involuntariness of a confession if it is not the "product of an essentially free and unconstrained choice by its maker"); Stein v. New York,346 U.S. 156, 185, *Page 609 73 S.Ct. 1077, 1093, 97 L.Ed. 1522 (1953) (psychological coercion is determined by "weighing of the circumstances of pressure against the power of resistance of the personconfessing") (emphasis added).
Furthermore, Investigator Maxwell Hooks indicated that he could not recall whether he told the appellant "that you need to go on and tell us about it and get this behind you or words to that effect". Investigator Hooks explained the possibility that he had made such a statement by testifying, "I asked for the truth." Thus, even if he encouraged the appellant to "get this behind him", such a statement was simply an exhortation to tell the truth. Thomas v. State, 531 So.2d 45 (Ala.Cr.App. 1988). "A promise or inducement for a confession cannot be implied from an exhortation to a prisoner that it is best or better to tell the truth." Eakes v. State, 387 So.2d 855, 859
(Ala.Cr.App. 1978).
Investigator Hooks denied making any threats of charging the appellant's wife in order to secure his confession. The following transpired during the cross-examination of Investigator Hooks:
 "Q: Okay. Did you or A.V. [Patrick] or any of the other police officers tell him he needed to go and tell ya'll about it or you were going to charge his wife?
 "A: We advised him that his wife was present at the time the car burned and she could be charged.
 "Q: Okay. So you told her if he didn't go and tell ya'll what happened that — you insinuated that if he didn't go on and tell you what happened, then his wife would be charged, right?
"A: No, sir. Just like I said.
"Q: Okay. All right."
"Where the trial judge finds on conflicting evidence that the confession was voluntarily made, its finding will not be disturbed on appeal unless found to be manifestly contrary to the great weight of the evidence." Malone v. State,452 So.2d 1386, 1389 (Ala.Cr.App. 1984). See also Koger v. State,443 So.2d 1343, 1345 (Ala.Cr.App. 1983) (wherein the appellant's confession was found to have been voluntarily made despite her claim that she only made her statement because she had been told that "her mother would be the one arrested, and the only way to stop her mother from going to jail was for someone to come forward and confess.") We find no error in the trial court's determination that the appellant's statement was voluntary.
 III
The appellant argues that his conviction should be reversed because it was based upon uncorroborated accomplice testimony, in violation of § 12-21-222, Code of Alabama (1975). The appellant made a motion for judgment of acquittal, stating "that the State had not made out a prima facie case. . . ." That ground was sufficient to preserve this matter for our appeal. See Ex parte Maxwell, 439 So.2d 715 (Ala. 1983);Fortier v. State, 515 So.2d 101, 104 (Ala.Cr.App. 1987). However, the testimony of the accomplices, Wendy Holley and Robby Roberson, was corroborated, pursuant to § 12-21-222, Codeof Alabama (1975). The appellant's statement made to Investigator Maxwell Hooks provided sufficient corroboration. "A voluntary confession or an incriminating statement of an accused is sufficient corroboration of an accomplice's testimony for purposes of § 12-21-222, supra." Harris v. State,420 So.2d 812, 817 (Ala.Cr.App. 1982) and cases cited therein. Investigator Hooks testified that the appellant admitted having been present when the car was burned and having discussed the topic of burning the car. He also admitted loosening the gas line in his truck, filling a beer can with gas, and pouring the gas inside the car. Such evidence was sufficient to connect the accused with the offense. Ex parte Bell, 475 So.2d 609 (Ala. 1985); Leonard v. State, 459 So.2d 970 (Ala.Cr.App. 1984);Pickett v. State, 489 So.2d 673 (Ala.Cr.App. 1986).
 IV
The appellant contends that the State's evidence is not sufficient to sustain a verdict of guilt beyond a reasonable doubt. Specifically, the appellant argues that the State failed to prove that he had *Page 610 
the requisite intent to damage the property.
According to § 13A-7-21, Code of Alabama (1975):
 "(a) A person commits the crime of criminal mischief in the first degree if, with intent to damage property, and having no right to do so or any reasonable ground to believe that he has such a right, he inflicts damages to property;
"(1) In an amount exceeding $1,000.00; or
"(2) By means of an explosion."
The State proved a prima facie case of criminal mischief in the first degree. The commentary to this section states that:
 "In a prosecution under § 13A-7-21, the prosecution must establish the following elements: (1) the property was actually damaged; (2) the defendant intentionally damaged the property; (3) the defendant had no right to damage the property or any reasonable ground to believe that he had such a right; and (4) the damage inflicted to the property was in excess of $1,000.00; or (5) damage in any amount was inflicted by an explosion."
The State proved the damage to the automobile by introducing photographs of the remains and through testimony of Investigator Hooks. The parties stipulated that the automobile's value was in excess of $1,000.00. The evidence as to whether the defendant had any reasonable ground to believe that he had a right to damage the property was properly submitted to the jury for their determination. Wendy Holley testified on direct examination that she informed the appellant that the automobile was leased; however, on redirect examination, she indicated that she did not tell him that the car was leased. Robby Roberson testified on direct examination that they informed the appellant that Holley was making car payments of $200 a month to be paid for four years and that "after paying that, they would have to turn around and buy the car"; thus, indicating that Holley did not yet own the vehicle. However, on cross-examination, he testified that Wendy Holley told the appellant that the car belonged to her.[1] The credibility of witnesses as to facts in issue is a matter to be resolved by the jury. Wilhite v. State, 485 So.2d 777
(Ala.Cr.App.), affirmed, 485 So.2d 787 (Ala. 1985). From the testimony of Holley and Roberson, the jury could have reasonably concluded that the appellant had no reasonable grounds to believe that Holley owned the car and was consenting to its destruction, so that he had the right to destroy the property.
Moreover, there was sufficient evidence to show that the appellant intentionally damaged the property. At trial, the appellant recounted the events that transpired after Roberson and Holley complained about the car as follows:
 "Q [BY DEFENSE COUNSEL]: Okay. What did you say at that point?
 "A: I said, well, I guess I can help ya'll get rid of it.
"Q: And how did you intend to do that?
 "A: Just pull down the road down there and set it on fire."
Holley, Roberson, and the appellant all testified that the appellant led them down the road, collected gas from his truck's fuel line, and poured it into Holley's car. This evidence is sufficient to show that the appellant had the requisite intent. Cf. Hollinger v. State, 40 Ala. App. 281,112 So.2d 220 (1959).
The evidence was sufficient to support the appellant's conviction for criminal mischief in the first degree.
AFFIRMED.
All Judges concur.
[1] The appellant was not charged with attempting to defraud an insurance company and, thus, the issue of whether he believed that Holley owned the car and was consenting to its destruction is essential to the proof of the charged offense of criminal mischief in the first degree. *Page 611