This is an appeal from a summary judgment entered in favor of the plaintiff, Charles A. Collat, and against the defendants, Raymond D. Gotlieb, Robert L. Bohorfoush, and G-B Partnership ("appellants"), in an action on a promissory note. The appellants do not contest that portion of the judgment holding them liable under the terms of the note. Instead, they argue only that the trial court should not have awarded attorney fees and costs to Collat. Collat says that the issues argued by the appellants are not properly before this Court because they were not presented to the trial court or preserved in the record.
In 1985 the appellants executed to Collat a promissory note for $246,893.68. That note was secured by assets owned by Gotlieb and Bohorfoush, and it contained an acceleration clause that could be invoked in the event of default. The appellants defaulted on the note in September 1988. Because there was a dispute concerning the amount of money owed by the appellants, a meeting was held between Collat's accountant and the appellants' accountant. Although the parties were not in total agreement after that meeting, they were able to narrow their dispute to a difference of $800.28. However, the appellants remained in default after that meeting and Collat, pursuant to the note's acceleration clause, filed a complaint demanding the entire amount due under the terms of the note.
The trial court granted Collat's motion for summary judgment and awarded him $211,190.40. The appellants do not dispute the trial court's implicit findings that they were in default on the note and that Collat was entitled to be paid. Instead, they contend that Collat's acceleration of the promissory note was not done in good faith, was inequitable, and violated a number of statutes contained in our commercial code. They also assert the affirmative defenses of estoppel and waiver. Based on those arguments and defenses, the appellants ask this Court to reverse the portion of the judgment that awarded Collat attorney fees and costs.[1] *Page 1304 
When determining whether a summary judgment was properly entered, this Court is restricted to the evidence and arguments that were considered by the trial court. Turner v. SystemsFuel, Inc., 475 So.2d 539, 541-42 (Ala. 1985). A review of the record reveals that each of the arguments and defenses presented by the appellants has been raised for the first time on appeal. Therefore, they cannot be considered. The appellants did not respond to Collat's motion for attorney fees. This Court cannot put a trial court in error for failing to consider evidence or accept arguments that, according to the record, were not presented to it. Defore v. Bourjois, Inc., 268 Ala. 228,230, 105 So.2d 846 (1958).
The appellants contend that the defenses of estoppel and waiver were raised by the trial judge during a hearing on Collat's motion for summary judgment, and, therefore, that their pleadings should be deemed to have been amended to conform to the "evidence," pursuant to Rule 15(b), Ala.R.Civ.P. Estoppel and waiver are both affirmative defenses and, as such, must be specially pleaded. Rule 8(c), Ala.R.Civ.P. The language of Rule 8(c) is mandatory. Bechtel v. Crown Central PetroleumCorp., 451 So.2d 793, 796 (Ala. 1984). Without addressing the merits of the appellants' contention that statements by a trial judge constitute evidence and thereby fall within the ambit of Rule 15(b), this Court notes that there was no transcript made of the hearing and that there is no evidence of the alleged statements other than the appellants' unsupported assertions on appeal.
As stated earlier, this Court is limited to a review of the record alone, and the record cannot be changed, altered, or varied on appeal by statements in briefs of counsel.Bechtel, supra, at 795. The appellants bear the burden of ensuring that the record on appeal contains sufficient evidence to warrant reversal. Matter of Coleman, 469 So.2d 638
(Ala.Civ.App. 1985); Rule 10, Ala.R.App.P.
The appellants have not shown any error by the trial court. Therefore, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.
[1] The trial court's order did not specify the amount awarded in attorney fees or costs. However, because the appellants do not challenge the amount of the award, only the act of awarding those fees and costs, that issue will not be addressed.