Todd Weeks was convicted for trafficking of cocaine, was sentenced to nine years in prison, and was fined $50,000. The Court of Criminal Appeals affirmed the judgment of the trial court, 579 So.2d 718, and we granted certiorari review.
In June 1988, Weeks was indicted and charged in separate indictments for trafficking in cocaine, and in March 1989, he pleaded guilty to those charges. The trial court sentenced Weeks to 12 years — 3 years in prison and 5 years on probation — and fined him $25,000. In May 1989, on Weeks's motion, the trial court set aside his guilty plea, because it was not voluntarily and knowingly made and because his trial counsel had a conflict of interest.
Weeks's case was consolidated for trial with a case against his mother, Donna Othella Weeks, who was also charged with trafficking in cocaine. At their trial, Donna Weeks was convicted, see Ex parte Weeks, 591 So.2d 439 (Ala. 1991), but the jury could not reach a verdict as to Todd Weeks, so the trial court declared a mistrial as to him. Todd Weeks was retried, was convicted, and was sentenced to 9 years in prison, and that judgment of conviction is the basis for our review in this case.
Weeks argues that there was insufficient evidence to support his conviction. He contends that his conviction was improperly based on the uncorroborated testimony of an accomplice.Thompson v. State, 374 So.2d 388 (Ala. 1979). That argument was not presented to the trial court, so there is no adverse ruling for us to review. Accordingly, we cannot consider the argument.Gotlieb v. Collat, 567 So.2d 1302 (Ala. 1990).
In a related argument, Weeks contends that apart from the allegedly uncorroborated accomplice testimony, the State's evidence was entirely circumstantial, and, he argues, a conviction based on entirely circumstantial evidence is due to be reversed, unless the evidence is such that a jury can conclude that the evidence excludes every reasonable hypothesis except guilt. See Ex parte Williams, 468 So.2d 99 (Ala. 1985). He argues that the evidence in his case did not exclude every reasonable hypothesis except guilt. Although we do not necessarily accept his premise that there was uncorroborated accomplice testimony, we reject the argument on another ground: the evidence was sufficient to allow the submission of the case to the jury, whose factual determinations we will not disturb unless the determinations are plainly erroneous or manifestly unjust. Harris v. State, 539 So.2d 1117, 1124 (Ala.Cr.App. 1988).
Keith Harmon is a law enforcement officer; Becky Barnes, who Weeks claims was an accomplice to the crime for which he was indicted and who provided the allegedly uncorroborated accomplice testimony, was Harmon's informant in the case against Donna and Todd Weeks. Todd Weeks's lawyer was cross-examining Harmon concerning Becky Barnes as an informant, when the following exchange occurred:
 "Q. Do you know whether she turned out to be unreliable?
"MR. STOKESBERRY [Prosecutor]: Objection.
"THE COURT: Sustain the objection.
 "Q. Do you know if she's ever given false information to the police department?
 "A. No, sir. I don't know. As far as I know she never has.
 "Q. You've never learned that she's been convicted —
"MR. STOKESBERRY: I object to that."
After that exchange, the trial court and counsel held an off-the-record discussion. At one point in the discussion, the State argued that the crime of giving false information to the police department was not a crime involving moral turpitude and therefore could not be used for impeachment purposes, and Weeks argued that he was entitled to an answer to his question because Barnes was a confidential informant, about whom he had the "right to test the *Page 443 
control and extent of being a confidential informant." In rebuttal to the State's argument, Weeks generally argued that giving false information to the police department was a crime involving moral turpitude, although he acknowledged he had no cases or specific authority to support that position. After the discussion, the trial court again sustained the State's objection.
Weeks makes two arguments based on the preceding facts. He contends that the trial court erred by holding that giving false information to a police officer was not a crime involving moral turpitude and thus could not be used for impeachment purposes. Assuming that the issue was preserved for review, Weeks does not explain how the trial court's holding disallowing impeachment of Barnes through Harmon through proof of a prior conviction of a crime supposedly involving moral turpitude in this situation constitutes reversible error. We make no determination as to whether the crime of giving false information to a police officer is a crime involving moral turpitude.
Weeks also argues that he was denied his right to a "thorough and sifting" cross-examination, Ala. Code 1975, § 12-21-137, by the trial court's "failing to permit defense counsel [to cross-examine] Becky Barnes regarding her prior conviction for giving false information to a police officer." Weeks implies that the trial court's decision regarding Harmon's testimony effectively restricted his cross-examination of Barnes. Weeks does not show us an adverse ruling concerning Barnes on the issue he argues, and the issue is not preserved for review. Furthermore, even if the issue had been preserved, Weeks's argument that the conviction for giving false information to a police officer would show bias or interest on the part of the witness lacks merit. Under the facts of this case, we do not discern how a conviction of giving false information to a police officer would show bias or interest.
Finally, Weeks contends that the trial court erred in sentencing him to nine years on the trial of his case after it had earlier sentenced him to a split sentence with only three
years to serve based on his guilty plea, which was set aside. In Ex parte Weeks, his mother, Donna, raised a similar issue. She was sentenced to 12 years after a guilty plea, 3 to be served, and her plea was set aside because her attorney had a conflict of interest and because the plea was not made knowingly and voluntarily. After her trial and conviction, the trial court sentenced her 21 years and 7 months. Discussing the issue raised first by Donna Weeks and now Todd Weeks, we stated:
 "In Alabama v. Smith, 490 U.S. 794
[109 S.Ct. 2201, 104 L.Ed.2d 865] (1989), the [United States] Supreme Court addressed the question whether a presumption of vindictiveness applies when a sentence imposed after trial is greater than the sentence previously imposed after a guilty plea. In Smith, the defendant agreed to plead guilty to burglary and rape charges in exchange for the State's dismissing a sodomy charge. The trial court accepted the plea bargain and sentenced the defendant to 30 years' imprisonment on each charge. The defendant later succeeded in having his guilty pleas vacated and was tried on rape, burglary, and sodomy charges. The jury returned a guilty verdict on all three charges and the trial court sentenced him to life imprisonment on the burglary conviction, a concurrent term of life imprisonment on the sodomy conviction, and a consecutive term of 150 years on the rape conviction.
 "The Supreme Court held that a presumption of vindictiveness does not apply in every case where the defendant receives a harsher sentence on retrial. Only in such circumstances where there is a `reasonable likelihood' that the increased sentence is a product of vindictiveness will the presumption of vindictiveness apply. Smith, 490 U.S. at 799 [109 S.Ct. at 2205]. `Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness.' Id.
 "The Supreme Court specifically held that when a greater penalty is imposed after trial than was imposed after a *Page 444 
guilty plea, there is no automatic presumption of vindictiveness. `Even when the same judge imposes both sentences, the relevant sentencing information available to the judge after the plea will usually be considerably less than that available after a trial.' Id. `[I]n the course of the proof at trial the judge may gather a fuller appreciation of the nature and extent of the crimes charged. The defendant's conduct during trial may give the judge insights into his moral character and suitability for rehabilitation.' Smith, U.S. at 801 [109 S.Ct. at 2206]."
591 So.2d at 440-41.
Weeks presented no evidence of actual vindictiveness by the trial court. Instead of indicating actual vindictiveness, the record reveals that the trial court repeatedly stated that it was imposing a harsher sentence because after trial it knew more about Todd Weeks's role in the incident upon which the charge was based. For example, the trial court stated:
 "MR. BAXLEY [defense trial counsel]: The bottom line is there's been nothing that the Court has learned about this young man since you sentenced him before.
 "THE COURT: Yes, there is. I didn't know before that he was sitting up in a vehicle with perhaps less than twelve inches between himself and his mama and his mother handed a sack of dope across her shoulder to Becky Barnes. I didn't know that when I took the plea. I didn't know that he had this big pistol in the console next to him. I knew none of the facts at the plea.
 "MR. BAXLEY: You had to know there was some kind of involvement with cocaine.
 "THE COURT: Sure. But if you want to do that, Mr. Baxley, let's take the bitter with the sweet. He admitted that he was guilty or I wouldn't have taken the plea.
 "MR. BAXLEY: What I'm saying is what you have learned —
 "THE COURT: I learned all of that. As I told you earlier in this hearing, a plea bargain is an assembly line process. All I get is basic bare facts necessary for me to make a finding of guilty. I don't get all the facts. It was perhaps brought to me that he was in the jurisdiction. But that he was in a car sitting less than a foot from some dope with a big pistol in the console, I didn't know all of those things about this young man. All I knew there was some dope. He was in the jurisdiction. He was in an automobile with it. Things of that nature. I didn't know all of this that I have learned at this trial.
 "I am just going to be upfront with you. I will not give him the same sentence. I know more about this man.
The trial court did not err in resentencing Todd Weeks.Smith; Ex parte Weeks.
Weeks did not prove any reversible error. The judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.