The appellant, Toby Heath Linville, was convicted of possession of marijuana in the second degree and possession of drug paraphernalia, *Page 602 
in violation of §§ 13A-12-214 and 13A-12-260, Code of Alabama 1975. The appellant raises two issues on appeal.
 I
The appellant initially contends that the trial court erred in denying his motion for a judgment of acquittal. More specifically, the appellant argues that the State failed to present sufficient evidence to show that he was in constructive possession of the marijuana and drug paraphernalia.
§ 13A-12-214 states, in pertinent part:
 "(a) A person commits the crime of unlawful possession of marihuana in the second degree if, except as otherwise authorized, he possesses marihuana for his personal use only."
§ 13A-12-260 states, in pertinent part:
 "(c) Use or possession with intent to use. — It shall be unlawful for any person to use, or to possess with intent to use, or to use to inject, ingest, inhale or otherwise introduce into the human body, drug paraphernalia to plant, propagate, cultivate . . . a controlled substance in violation of the controlled substances laws of this state."
In order for the state to prove that the appellant was guilty of either offense, the state must prove either actual possession or constructive possession.
The state's evidence tended to show that on or about February 6, 1992, police officers from Killen received a complaint from the owners of the Lock Six apartment complex. Based on that complaint, the Killen police and deputies from the Lauderdale County Sheriffs Department went to the Lock Six apartments to execute a search warrant on apartment F-4, the residence of the appellant. At the time of the search, the appellant's girlfriend, Amelia Blalock, was alone in the apartment. However, two males (the appellant and Kelly Elkins) and two females (Amelia Blalock and Tina Balentine) resided in the apartment. The apartment lease was in the appellant's and Elkins's names and the appellant and Elkins paid the rent.
A search of the apartment revealed marijuana as well as drug paraphernalia in the bedroom that the appellant and Ms. Blalock shared. Specifically, scales, rolling papers, numerous pipes, and photographs of people weighing marijuana inside the apartment were found in the bedroom. Marijuana was also found in a drawer of a dresser in the bedroom. The search also revealed marijuana and drug paraphernalia in other areas of the apartment. In the living room, officers found a pipe, marijuana buds, a hemostat, and a the butt of a marijuana cigarette. In the kitchen, officers found rolling papers, a pipe, and a hemostat. Ms. Blalock was arrested. She gave a statement to the police and later testified before the jury that the marijuana found in the bedroom belonged to the appellant. In fact, Ms. Blalock testified that the appellant had sold drugs from the apartment the night before the search and the arrest.
Generally, three elements are necessary to establish possession of a controlled substance: (1) actual or potential physical control, (2) intention to exercise dominion and (3) external manifestations of intent and control. Rawls v. State,585 So.2d 241 (Ala.Cr.App. 1991). In order to prove constructive possession, the state must also prove that the accused had knowledge of the presence of the illegal substance.Bragg v. State, 536 So.2d 965 (Ala.Cr.App. 1988). Also, "when the state asserts constructive possession, as it does in the instant case, 'possession may be established by an adequate showing of surrounding facts and circumstances.' " Bacot v.State, 597 So.2d 754, 756 (Ala.Cr.App. 1992), citing Franklinv. State, 437 So.2d 609, 611 (Ala.Cr.App. 1983). "When the presence of the accused at the scene is established and evidence of his knowledge of the presence of the prohibited substance is shown, the issue of the defendant's possession should be submitted to the jury." Desimer v. State,535 So.2d 238, 240 (Ala.Cr.App. 1988). German v. State, 429 So.2d 1138
(Ala.Cr.App. 1982).
The appellant was one of the lessees of the apartment and resided at the apartment from which the marijuana and drug paraphernalia were seized. Much of the marijuana and drug paraphernalia seized during the search was found in the bedroom shared by the appellant and Ms. Blalock. *Page 603 
There is no doubt that the appellant was aware of the presence of these illegal substances in the apartment. And perhaps most importantly, Ms. Blalock testified that the appellant had sold marijuana from the same apartment the night before the police officers executed the search warrant that revealed the illegal substances. At the time of the search, the marijuana and drug paraphernalia found in the apartment were in plain view. These facts indicate to this court that the state has proven by sufficient evidence that the appellant was in constructive possession of the marijuana and the drug paraphernalia.
From the evidence presented, the jury could have been convinced beyond a reasonable doubt of the appellant's guilt. The court did not err in denying the motion for a judgment of acquittal.
 II
The appellant's second contention is that the state failed to provide sufficient evidence to support his conviction because the only evidence connecting him to the crime was the uncorroborated testimony of the accomplice, Ms. Blalock. The appellant refers to § 12-21-222, Code of Alabama 1975, which states:
 "A conviction of a felony cannot be had on the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense, and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient."
The appellant has failed to preserve this issue for appeal. At no time did the appellant object to the testimony of Ms. Blalock, nor did he ask the court to instruct the jury on accomplice testimony. There is no adverse ruling on the issue that the appellant presents on appeal. Ex parte Weeks,591 So.2d 441 (Ala. 1991). Therefore, this issue is raised for the first time on appeal. This is an appellate court. Saffold v.State, 627 So.2d 1107 (Ala.Cr.App. 1993); R.S.B. v. State,632 So.2d 23 (Ala.Cr.App. 1993); Trawick v. State, 431 So.2d 574
(Ala.Cr.App. 1983). We will not consider matters that have not first been presented to the trial court. Harris v. State,420 So.2d 812 (Ala.Cr.App. 1982).
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur. *Page 994