20 So.3d 166 (2008)
Garrett Jeremy MARKS
v.
STATE of Alabama.
CR-06-0412.
Court of Criminal Appeals of Alabama.
February 29, 2008.
Certiorari Quashed April 3, 2009 Alabama Supreme Court 1070802.
Leonard F. Mikul, Bay Minette, for appellant.
Troy King, atty. gen., and J. Thomas Leverette, asst. atty. gen., for appellee.

On Application for Rehearing.
PER CURIAM.
The opinion issued on August 31, 2007, is withdrawn, and the following opinion is substituted therefor.
Garrett Jeremy Marks was indicted by a Baldwin County grand jury for robbery in the first degree, a violation of § 13A-8-41(a)(1), Ala.Code 1975; the indictment resulted from the theft of personal property belonging to Douglas Speese, which was taken from Speese at gunpoint. A jury found Marks guilty of first-degree robbery. The trial court sentenced Marks, an habitual offender, to 45 years' imprisonment.
*167 The evidence presented at trial indicated the following. On July 22, 2005, Douglas Speese was employed by Pepsi Cola/Buffalo Rock Bottling Company as a member of the nighttime stock crew. Speese arrived at the last stop on his delivery route, a Wal-Mart discount department store in Foley, at approximately midnight, parked his van on the side of the building, and remained in the van while he ate a meal. While he was eating, two young black males, who appeared to him to be juveniles, approached and robbed him at gunpoint. Speese did not see Marks while the robbery was occurring. Speese viewed the surveillance videotape from the Wal-Mart store and acknowledged that a Chevrolet Malibu automobile was parked in the parking lot before he was robbed, but he could not see the faces of anyone inside the vehicle or the faces of those who got out of the vehicle. He said that the videotape showed that the Malibu was driven away as the two juveniles ran from the scene.
Police officers viewed the surveillance videotape and were able to locate at a nearby residence a Chevrolet Malibu that they believed might have been the vehicle they had seen on the surveillance tape. Alana Womack, the woman who came to the door of the residence at which the Malibu was parked, said that she lived in the apartment with her boyfriend, Garrett Marks, and that the Malibu belonged to her.[1] When asked if she permitted anyone else to drive the Malibu, Womack said that Marks sometimes drove it. During a consensual search of the Malibu, the police found a gun beneath the driver's seat; the gun looked like a pistol that would fire bullets, but a police officer testified that it was a BB gun.
The two juveniles who robbed Speese, D.J. and V.R., were ultimately identified and interviewed by the police. Their videotaped interviews were played for the jury, and they testified at trial. Both juveniles admitted their involvement in the robbery; they testified that Marks had suggested that they rob Speese and that Marks had given them a gun to use during the robbery.
On appeal, Marks argues only that the trial court erred when it denied his motions for a judgment of acquittal, made at the close of the State's case and again at the close of all the evidence, because, he says, the evidence was insufficient to sustain his robbery conviction. Specifically, he argues that the State failed to present any evidence to corroborate the testimony of his juvenile accomplices, D.J. and V.R.
After the State had presented its case, Marks moved for a judgment of acquittal. He argued:
"Your Honor, at this point I would like to make an oral motion for judgment of acquittal on behalf of Mr. Marks as the prosecution has acknowledged they have the burden of proving that Mr. Speese was robbed at gunpoint or with some other dangerous weapon or instrument. I believe the evidence is clear that Mr. Marks did not approach Mr. Speese in any way, shape, or form. And based on the evidence that is before the Court from the witness stand, I think it's also quite clear that Mr. Marks did not force, coerce, or threaten either [V.R.] or [D.J.] in any way, shape, or form to do this crime. As such, I believe that the prosecution has failed to meet its burden of proof, and as a result, this case should be dismissed at this time."
(R. 285.)
After all of the evidence had been presented, Marks renewed his motion for a judgment of acquittal:

*168 "Your Honor, ... we would renew our motion for judgment of acquittal that based on the additional testimony of Ms. Womack and [a second defense witness] that I think it's clear that the State's not met its burden of proof by aor establishing beyond a reasonable doubt that the elements of robbery first as to Garrett Marks have been met. We'd ask that the charges be dismissed."
(R. 363.)
The State argues that Marks failed to preserve for review his issue regarding the alleged lack of corroboration of the accomplices' testimony because, it says, when Marks made his motions for a judgment of acquittal, he failed to challenge specifically the alleged lack of corroboration of the accomplices' testimony. For the reasons stated below, we are compelled to agree with the State.
When Alabama appellate courts have examined whether a general motion for a judgment of acquittal preserves for review an issue of evidentiary sufficiency based on allegedly uncorroborated accomplice testimony, the results reached have, at times, been inconsistent. For example, in Brown v. State, 645 So.2d 309 (Ala.Crim.App. 1994), upon which the State relies in its brief, Brown made a motion for a judgment of acquittal challenging the sufficiency of the evidence, but he did not specifically argue that the State had failed to corroborate the accomplice's testimony. The Brown Court held that the issue had not been preserved for review, and stated, in part:
"This issue was presented for the first time in the appellant's motion for a new trial and thus was not timely. If a defendant does not object to the testimony of an accomplice, that issue is not preserved for appellate review. Moreover, the appellant did not request jury instructions on corroboration of accomplice testimony."
Brown, 645 So.2d at 312. The Brown Court cited Linville v. State, 634 So.2d 601 (Ala.Crim.App.1993), in which the Court held that the appellant had failed to preserve for review a challenge to the sufficiency of the evidence that was based on the argument that the accomplice's testimony had not been sufficiently corroborated because, the Court said, "[a]t no time did the appellant object to the testimony of [the accomplice], nor did he ask the court to instruct the jury on accomplice testimony." Linville, 634 So.2d at 603.[2] See also Ward v. State, 376 So.2d 1112, 1115 (Ala. Crim.App.1979) (holding that a motion for a judgment of acquittal "`on the grounds that the State has not made out its case or carried the burden of proof'" did not preserve for review a specific challenge on appeal to the sufficiency of the corroboration of the accomplice's testimony).
On the other hand, in Fortier v. State, 515 So.2d 101 (Ala.Crim.App.1987), this Court considered the exact issue now before us, and stated:
"The defendant never directed the trial court's attention to the issue of accomplice corroboration. At the close of the State's case he moved for a `judgment of acquittal on all charges' without stating grounds, and, in the alternative, he requested charges on lesser included offenses. He argued his alternative request and provided the court with a citation of authority allegedly supporting the giving of lesser included offense charges. Following his conviction he filed a `Motion for Judgment of Acquittal After Verdict' pursuant to Rule 12.3, A.R.Cr.P.Temp. [now Rule 20.3, Ala. *169 R.Crim.P.], `on the grounds that there was insufficient evidence to convict defendant.' The court charged the jury that whether or not Tammy Gamso was an accomplice was a question of fact for their determination and then outlined for the jury the principles requiring corroboration of accomplice testimony. The defendant made no objections to this part of the court's oral charge and tendered no requested charges defining 'accomplice' or stating the necessity for corroboration of an accomplice's testimony. Under the law prevailing prior to Ex parte Maxwell, 439 So.2d 715 (Ala. 1983), and Rule 12.3, A.R.Cr.P.Temp., the defendant would not have preserved the issue of corroboration for our review. See Ward v. State, 376 So.2d 1112, 1115-16 (Ala.Cr.App.), cert. denied, Ex parte Ward, 376 So.2d 1117 (Ala.1979). See also Alexander v. State, 281 Ala. 457, 458, 204 So.2d 488, 489-90 (1967), cert. denied, 390 U.S. 984, 88 S.Ct. 1107, 19 L.Ed.2d 1284 (1968). Compare Dunnaway v. State, 479 So.2d 1331, 1336-37 (Ala.Cr.App.1985).
"However, in Maxwell, the Alabama Supreme Court held the following:
"`To preserve the issue for appeal, it is necessary for defendant to state his grounds upon moving to exclude evidence; however, it is not necessary to draw the trial court's attention to the particular defect. It is sufficient that the defendant state the ground that the prosecution has failed to make a prima facie case.' 439 So.2d at 717.
"Although the defendant's first motion for judgment of acquittal (made at the close of the State's case) stated no grounds, his post-verdict motion was based upon the claim that there was 'insufficient evidence to convict defendant.' Rule 12.3(a) states that `[i]t shall not be necessary to the making of the motion after a verdict or judgment of conviction that a similar motion have been made prior to the submission of the case to the factfinder.' If a defendant is not precluded from testing the sufficiency of the State's case via a post-verdict motion under Rule 12.3 by his failure to have made an earlier motion under Rule 12.2, then it follows that he is not foreclosed from challenging the State's case by way of grounds stated in a Rule 12.3 motion which were not advanced in his earlier Rule 12.2 motion. We must, therefore, determine whether the State's case was legally sufficient insofar as it related to the accomplice corroboration issue." 515 So.2d at 103-04. Likewise, in Adkison v. State, 548 So.2d 606 (Ala. Crim.App.1988), this Court stated:
"The appellant argues that his conviction should be reversed because it was based upon uncorroborated accomplice testimony, in violation of § 12-21-222, Code of Alabama (1975). The appellant made a motion for judgment of acquittal, stating `that the State had not made out a prima facie case....' That ground was sufficient to preserve this matter for our appeal. See Ex parte Maxwell, 439 So.2d 715 (Ala.1983); Fortier v. State, 515 So.2d 101, 104 (Ala.Cr.App.1987)."
548 So.2d at 609.
In Ex parte Maxwell, 439 So.2d 715 (Ala.1983), on which this Court relied in both Adkison and Fortier, the Alabama Supreme Court reversed the judgment of this Court, holding that Maxwell's general motion to exclude the evidence on the ground that the City had failed to prove a prima facie case was sufficient to preserve for appellate review the specific allegation that the City had failed to prove the municipal ordinance under which Maxwell had been prosecuted. The Alabama Supreme Court stated:

*170 "To preserve the issue for appeal, it is necessary for defendant to state his grounds upon moving to exclude evidence; however, it is not necessary to draw the trial court's attention to the particular defect. It is sufficient that the defendant state the ground that the prosecution has failed to make a prima facie case. Turner v. State, 266 Ala. 250, 96 So.2d 303 (1957); see also, R. Williams, Williams' Alabama Evidence § 308 (1967). Because the appellant here stated such grounds, the issue of the necessity for introduction of the city ordinance was preserved by defendant's motion to exclude the evidence."
Ex parte Maxwell, 439 So.2d at 717.
The Supreme Court has followed Ex parte Maxwell on numerous occasions. In Ex parte Johnson, 620 So.2d 665, 668 (Ala. 1993), the Supreme Court held that a motion for a judgment of acquittal on the ground "`that the state has failed to prove a prima facie case'" was sufficient to preserve for review the specific argument on appeal that the State had failed to prove that the defendant had previously been convicted of a crime of violence, a necessary element of the charge of unlawfully owning or possessing a pistol after having been convicted of a crime of violence. In Ex parte Hall, 843 So.2d 746, 748 (Ala. 2002), the Court again held that a motion for a judgment of acquittal on the ground of "`insufficient evidence'" was sufficient to preserve for review the specific argument on appeal that the City had failed to prove the municipal ordinance under which the defendant had been prosecuted. See also Ex parte Parks, 923 So.2d 330 (Ala. 2005), and Ex parte McNish, 878 So.2d 1199 (Ala.2003).
However, none of those cases involved the specific issue of accomplice corroboration, and when faced with that specific issue, the Alabama Supreme Court reached a result inconsistent with Ex parte Maxwell and its progeny. In Ex parte Weeks, 591 So.2d 441 (Ala.1991), Weeks argued on appeal that his conviction for trafficking in cocaine should be reversed because, he alleged, the conviction was based on the uncorroborated testimony of an accomplice and on entirely circumstantial evidence. The Alabama Supreme Court refused to consider Weeks's argument about uncorroborated accomplice testimony, but addressed the circumstantial-evidence argument, stating:
"Weeks argues that there was insufficient evidence to support his conviction. He contends that his conviction was improperly based on the uncorroborated testimony of an accomplice. Thompson v. State, 374 So.2d 388 (Ala.1979). That argument was not presented to the trial court, so there is no adverse ruling for us to review. Accordingly, we cannot consider the argument. Gotlieb v. Collat, 567 So.2d 1302 (Ala.1990).
"In a related argument, Weeks contends that apart from the allegedly uncorroborated accomplice testimony, the State's evidence was entirely circumstantial, and, he argues, a conviction based on entirely circumstantial evidence is due to be reversed, unless the evidence is such that a jury can conclude that the evidence excludes every reasonable hypothesis except guilt. See Ex parte Williams, 468 So.2d 99 (Ala.1985). He argues that the evidence in his case did not exclude every reasonable hypothesis except guilt. Although we do not necessarily accept his premise that there was uncorroborated accomplice testimony, we reject the argument on another ground: the evidence was sufficient to allow the submission of the case to the jury, whose factual determinations we will not disturb unless the determinations are plainly erroneous or *171 manifestly unjust. Harris v. State, 539 So.2d 1117, 1124 (Ala.Cr.App.1988)."
Ex parte Weeks, 591 So.2d at 442.
We have reviewed the relevant portion of the trial record in Weeks's case,[3] and we note that, at the close of the State's case, Weeks argued:
"We would move for a judgment of acquittal on the ground that the State has failed to make out a prima facie case. There is no evidence whatsoever about connection of Todd Weeks other than what has been testified to by Becky Barnes, and I think her testimony at the last trial was probably enough for the Court to let it go to the jury, but today, she has so contradicted herself that we don't think it's worthy of belief to even go to the jury. We feel that her credibility is such that that standing alone should not be enough to place the defendant in jeopardy with a jury trial. The Court was able to observe the witness more than the jury was able to, and we feel like it would be proper to grant a judgment of acquittal."
Weeks made both a general challenge to the sufficiency of the evidencethat the State failed to prove a prima facie case and a more specific challenge to the sufficiency of the evidencerelating to the credibility of witness Becky Barnes. At no time, however, did Weeks specifically challenge the corroboration of accomplice testimony or argue the allegedly circumstantial nature of the evidence against him, and he did not file a postjudgment motion challenging the sufficiency of the evidence.
The Supreme Court, however, considered and addressed Weeks's argument on appeal that the evidence was not sufficient to convict him because, he said, it was entirely circumstantial, and simultaneously declined to address Weeks's argument on appeal that the evidence was not sufficient to convict him because, he said, the accomplice's testimony was not corroborated. By declining to review Weeks's argument about uncorroborated accomplice testimony, the Alabama Supreme Court effectively held that a motion for judgment of acquittal generally challenging the sufficiency of the evidence was not sufficient to preserve for review on appeal an argument that the accomplice testimony was not corroborated.[4] In so holding, the Court relied on only a single, civil, case, Gotlieb v. Collat, 567 So.2d 1302 (Ala.1990), and did not mention its earlier holding in Ex parte Maxwell, or explain its reasons for declining to follow Ex parte Maxwell regarding the preservation of a challenge to the alleged lack of corroboration of accomplice testimony.[5] Nonetheless, the Alabama Supreme Court clearly determined that Weeks's general motion for a judgment of acquittal did not preserve for appellate review his specific issue challenging the sufficiency of the evidence based on allegedly uncorroborated accomplice testimony. Moreover, our research has revealed no case from the Alabama Supreme Court subsequent to Ex parte Weeks that addresses preservation of the specific issue *172 of accomplice corroboration or that in any way calls into question the holding in Ex parte Weeks.
Although Ex parte Weeks appears to be an anomaly in the Alabama Supreme Court's caselaw regarding the adequacy of a general challenge to the sufficiency of the evidence to preserve for review on appeal a more specific challenge to the sufficiency of the evidence, we are nonetheless compelled to follow that Court's only holding on the specific issue of accomplice corroboration. Therefore, pursuant to Ex parte Weeks, we hold that a motion for a judgment of acquittal that challenges the sufficiency of the evidence only generally, i.e., that the State failed to prove a prima facie case or words to that effect, does not preserve for review the specific claim that an accomplice's testimony was not sufficiently corroborated. To the extent that Fortier, supra, and Adkison, supra, hold otherwise, they are hereby overruled. Because Marks made only a general challenge to the sufficiency of the evidence in his motions for a judgment of acquittal and did not specifically argue to the trial court that the accomplices' testimony was not sufficiently corroborated, his argument on appeal that the accomplices' testimony was not sufficiently corroborated was not properly preserved for review and will not be considered by this Court.
Based on the foregoing, the judgment of the trial court is affirmed.
APPLICATION GRANTED; OPINION OF AUGUST 31, 2007, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
BASCHAB, P.J., and McMILLAN, WISE, and WELCH, JJ., concur.
SHAW, J., concurs specially, with opinion.
SHAW, Judge, concurring specially.
I concur in the main opinion. I write specially only to urge the Alabama Supreme Court to clarify its holding in Ex parte Weeks, 591 So.2d 441 (Ala.1991), at its earliest convenience.
NOTES
[1] We note that at trial when asked to state her name Womack gave the name Alana Womack Jemison. For purposes of this opinion, we will refer to her as Alana Womack.
[2] Linville made a motion for a judgment of acquittal, but it is unclear from the Court's opinion whether he made only a general challenge to the sufficiency of the evidence.
[3] "This court may take judicial notice of its own records. See Hull v. State, 607 So.2d 369, 371 (Ala.Crim.App.1992)." Minnifield v. State, 941 So.2d 1000, 1001 n. 3 (Ala.Crim. App.2005).
[4] This Court has previously interpreted Ex parte Weeks the same way. See Thomas v. State, 622 So.2d 415, 419 (Ala.Crim.App. 1992) (citing Ex parte Weeks for the proposition that an "objection that the State has failed to make out a prima facie case does not embrace a claim that the accomplice testimony has not been corroborated"), and Linville, supra.
[5] Likewise, in its subsequent cases relying on Ex parte Maxwell, the Court has not mentioned Ex parte Weeks.