William Ernest **KUENZEL**

v.

**STATE of Alabama.**

**CR–13–0899.**

Court of Criminal Appeals of Alabama.

July 10, 2015.

Rehearing Denied Sept. 11, 2015.

Jeffrey E. Glen and Rene F. Hertzog, New York City, New York; David A. Kochman, Denver, Colorado; G. Douglas Jones, Birmingham; and Luke Montgomery, Talladega, for appellant.

Luther Strange, atty. gen., and Kristi Deason Hagood, deputy atty. gen., and James C. Crenshaw, asst. atty. gen., for appellee.

KELLUM, Judge.

William Ernest Kuenzel appeals the circuit court's summary dismissal of his second petition for postconviction relief filed pursuant to Rule 32, Ala. R.Crim. P.

In 1988, Kuenzel was convicted of murder made capital because it was committed during the course of a robbery, see § 13A–5–40(a)(2), Ala.Code 1975. The jury unanimously recommended that Kuenzel be sentenced to death, and the trial court followed the jury's recommendation and sentenced Kuenzel to death for his capital-murder conviction. This Court affirmed Kuenzel's conviction and death sentence on appeal, *Kuenzel v. State*, 577 So.2d 474 (Ala.Crim.App.1990), and the Alabama Supreme Court affirmed this Court's judgment, *Ex parte Kuenzel*, 577 So.2d 531 (Ala.1991). This Court issued a certificate of judgment on March 28, 1991. The United States Supreme Court denied certiorari review on October 7, 1991. *Kuenzel v. Alabama*, 502 U.S. 886, 112 S.Ct. 242, 116 L.Ed.2d 197 (1991).

On October 4, 1993, Kuenzel filed his first Rule 32 petition for postconviction relief challenging his conviction and death sentence. The circuit court summarily dismissed the petition on the ground that it had been filed after the limitations period in Rule 32.2(c), Ala. R.Crim. P., had expired.[1] This Court affirmed the circuit court's judgment on appeal in an unpublished memorandum issued on January 28, 2000, *Kuenzel v. State* (No. CR–98–1216), 805 So.2d 783 (Ala.Crim.App.2000) (table), and the Alabama Supreme Court denied certiorari review, *Ex parte Kuenzel* (No. 1991081), 806 So.2d 414 (Ala.2000) (table).

On February 7, 2000, Kuenzel filed a federal habeas corpus petition in the United States District Court for the Northern District of Alabama, requesting relief from his conviction and death sentence. In 2002, that court found Kuenzel's habeas petition ·to be time-barred by the limitations period in 28 U.S.C. § 2244(d). On appeal, the United States Court of Appeals for the Eleventh Circuit vacated the district court's judgment. *Kuenzel v. Campbell*, 85 Fed. App'x 726 (2003) (table). On

---

1. In 1993, the limitations period was two years. The Alabama Supreme Court amended Rule 32.2(c) effective August 1, 2002, to reduce the limitations period to one year.

remand from the Eleventh Circuit, the district court again found Kuenzel's habeas petition to be time-barred. On appeal, the Eleventh Circuit vacated the district court's judgment a second time. *Kuenzel v. Allen,* 488 F.3d 1341 (11th Cir.2007). On second remand, the district court found, for the third time, that Kuenzel's habeas petition was time-barred; the court also concluded that Kuenzel's assertion of actual innocence did not excuse his procedural default because Kuenzel had failed to make a credible showing of actual innocence founded on new and reliable evidence that had not been presented at trial. *Kuenzel v. Allen,* 880 F.Supp.2d 1162 (N.D.Ala.2009). The district court subsequently denied Kuenzel's postjudgment motion filed pursuant to Rule 60(b), Fed. R.Civ.P., to set aside the district court's dismissal of his habeas petition. *Kuenzel v. Allen,* 880 F.Supp.2d 1205 (N.D.Ala. 2011). On appeal, the United States Court of Appeals for the Eleventh Circuit affirmed the district court's dismissal of Kuenzel's habeas petition and its denial of Kuenzel's postjudgment Rule 60(b), Fed. R.Civ.P., motion. *Kuenzel v. Commissioner, Alabama Dep't Of Corr.,* 690 F.3d 1311 (11th Cir.2012).

On September 23, 2013, Kuenzel filed his second Rule 32 petition for postconviction relief, which is the subject of this appeal. In his petition, Kuenzel alleged: (1) that the trial court lacked jurisdiction to render the judgment or to impose the sentence because, he said, his conviction was based on the uncorroborated testimony of his accomplice, in violation of § 12–21–222, Ala.Code 1975; and (2) that newly discovered material facts would show that he is actually innocent of the crime. Kuenzel attached to his petition several exhibits in support of his claims. On or about December 27, 2013, the State filed a

response and motion for summary dismissal of Kuenzel's petition, arguing, in relevant part, that both of Kuenzel's claims were time-barred by Rule 32.2(c), Ala. R.Crim. P. On February 11, 2014, the circuit court issued an order summarily dismissing Kuenzel's petition. In its order, the circuit court found, in relevant part, that both of Kuenzel's claims were time-barred by Rule 32.2(c).[2] On March 12, 2014, Kuenzel filed a postjudgment motion to alter, amend, or vacate the circuit court's judgment. That motion was effectively denied on March 13, 2014, 30 days after the circuit court's order summarily dismissing Kuenzel's petition. See *Loggins v. State,* 910 So.2d 146, 148–49 (Ala. Crim.App.2005) (a circuit court retains jurisdiction to modify a judgment in Rule 32 proceedings for only 30 days after the judgment is entered; even a timely filed postjudgment motion does not extend the circuit court's jurisdiction).

On appeal, Kuenzel reasserts the two claims asserted in his petition and argues that the circuit court erred in summarily dismissing those claims without affording him an evidentiary hearing. We disagree.

"[W]hen the facts are undisputed and an appellate court is presented with pure questions of law, that court's review in a Rule 32 proceeding is *de novo.*" *Ex parte White,* 792 So.2d 1097, 1098 (Ala. 2001). "However, where there are disputed facts in a postconviction proceeding and the circuit court resolves those disputed facts, '[t]he standard of review on appeal ... is whether the trial judge abused his discretion when he denied the petition.'" *Boyd v. State,* 913 So.2d 1113, 1122 (Ala. Crim.App.2003) (quoting *Elliott v. State,* 601 So.2d 1118, 1119 (Ala.Crim.App.1992)). "On direct appeal we reviewed the record for plain error; however, the plain-error

2. The circuit court also made alternative find-ings regarding Kuenzel's claims.

standard of review does not apply to a Rule 32 proceeding attacking a death sentence." *Ferguson v. State*, 13 So.3d 418, 424 (Ala.Crim.App.2008). Additionally, "[i]t is well settled that 'the procedural bars of Rule 32 apply with equal force to all cases, including those in which the death penalty has been imposed.'" *Nicks v. State*, 783 So.2d 895, 901 (Ala.Crim.App. 1999) (quoting *State v. Tarver*, 629 So.2d 14, 19 (Ala.Crim.App.1993)).

A Rule 32 petitioner is entitled to an evidentiary hearing on a claim in a postconviction petition only if the claim is "meritorious on its face." *Ex parte Boatwright*, 471 So.2d 1257, 1258 (Ala.1985). A postconviction claim is "meritorious on its face" only if the claim (1) is sufficiently pleaded in accordance with Rule 32.3 and Rule 32.6(b); (2) is not precluded by one of the provisions in Rule 32.2; and (3) contains factual allegations that, if true, would entitle the petitioner to relief. A Rule 32 petitioner is not entitled to an evidentiary hearing on claims that are precluded by one or more of the provisions in Rule 32.2. See *Sumlin v. State*, 710 So.2d 941, 943 (Ala.Crim.App.1998) ("[B]ecause the issues he raised were procedurally barred, the appellant was not entitled to an evidentiary hearing on his petition.").

For the reasons explained below, we conclude that both of the claims in Kuenzel's petition are time-barred by Rule 32.2(c) and that, therefore, Kuenzel was not entitled to an evidentiary hearing on those claims.

### I.

Kuenzel first alleged in his petition that the trial court lacked jurisdiction to render the judgment or to impose the sentence because, he said, his conviction was based on the uncorroborated testimony of his accomplice, Harvey Venn, in violation of § 12–21–222, Ala.Code 1975

Although couched in jurisdictional terms, Kuenzel's claim that he was convicted based on the uncorroborated testimony of his accomplice is not truly a jurisdictional claim. Both the Alabama Supreme Court and this Court have recognized that a claim that a conviction is based on the uncorroborated testimony of an accomplice in violation of § 12–21–222 is waived on direct appeal if not properly and specifically presented to the trial court. See *Ex parte Weeks*, 591 So.2d 441 (Ala.1991), and *Marks v. State*, 20 So.3d 166 (Ala.Crim.App.2008) (both refusing to consider argument that conviction was based on uncorroborated accomplice testimony when that argument had not been properly presented to the trial court). "Nonjurisdictional issues can be waived; jurisdictional issues cannot." *Mitchell v. State*, 777 So.2d 312, 313 (Ala. Crim.App.2000). Because a claim that a conviction is based on the uncorroborated testimony of an accomplice can be waived, it is necessarily a nonjurisdictional claim. Indeed, a challenge to the alleged lack of accomplice corroboration under § 12–21–222 is clearly nothing more than a challenge to the sufficiency of the evidence, an undisputedly nonjurisdictional challenge. See, e.g., *Ex parte Batey*, 958 So.2d 339, 343 (Ala.2006) ("Alabama courts have repeatedly held that an argument about the adequacy of the State's evidence is not jurisdictional and is therefore barred by Rule 32.2."); and *Baker v. State*, 907 So.2d 465, 467 (Ala.Crim.App. 2004) ("A challenge to the sufficiency of the evidence is not jurisdictional.").

Because Kuenzel's claim that he was convicted based on the uncorroborated testimony of his accomplice in violation of § 12–21–222 is nonjurisdictional, it is subject to the preclusions in Rule 32.2. Specifically, his claim is, as the State asserted and as the circuit court found, time-barred

by Rule 32.2(c) because Kuenzel's petition was filed over 20 years after his conviction and sentence became final.[3] To the extent that this claim is based on newly discovered material facts, it is time-barred for the reasons stated in Part II of this opinion.

## II.

Kuenzel next alleged in his petition that he was actually innocent of the crime based on what he claimed was newly discovered material facts under Rule 32.1(e), Ala. R.Crim. P. Kuenzel alleged that the following evidence constituted newly discovered material facts entitling him to a new trial: (1) recorded statements made to the police by Kuenzel's accomplice, Harvey Venn, that were inconsistent with Venn's trial testimony and, Kuenzel alleged, pointed to another man as the perpetrator; (2) the grand-jury testimony of State's witness April Harris, who testified at trial that she saw Kuenzel and Venn at the convenience store where the crime occurred approximately an hour before the crime, but who was more equivocal during her grand-jury testimony regarding her identification of Kuenzel and Venn; (3) the grand-jury testimony of Crystal Floyd—who was Venn's 13–year–old girlfriend at the time of the crime but who did not testify at Kuenzel's trial—that was inconsistent with affidavits she had given to Kuenzel's postconviction counsel in 1997 and 2008; and (4) evidence that Venn had in his possession the night of the crime a 16–gauge shotgun, the same caliber weapon as the murder weapon, not a 12–gauge shotgun as Venn had testified at trial. Kuenzel alleged in his petition that the first three items of evidence listed above were first discovered "in March 2010" (C. 44) and that the fourth item of

evidence listed above was discovered "in the mid–1990's." (C. 21.)

Rule 32.2(c) provides, in relevant part:

"Subject to the further provisions hereinafter set out in this section, the court shall not entertain any petition for relief from a conviction or sentence on the grounds specified in Rule 32.1(a) and (f), unless the petition is filed: (1) In the case of a conviction appealed to the Court of Criminal Appeals, within one (1) year after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, Ala. R.App. P.... The court shall not entertain a petition based on the grounds specified in Rule 32.1(e) unless the petition is filed within the applicable one-year period specified in the first sentence of this section, or within six (6) months after the discovery of the newly discovered material facts, whichever is later; provided, however, that the one-year period during which a petition may be brought shall in no case be deemed to have begun to run before the effective date of the precursor of this rule, i.e., April 1, 1987."

Kuenzel admitted in his petition that he had discovered the majority of the evidence forming the basis of his claim of newly discovered material facts in March 2010 and that he had discovered one item of evidence in the mid 1990s. However, Kuenzel did not file this petition raising his claim of newly discovered material facts until September 2013, over three years after the majority of the evidence had been discovered (and almost two decades after one of the items of evidence had been discovered) and long after the six-month limitation period for newly discovered material facts in Rule 32.2(c) had expired. Therefore, Kuenzel's claim of actual inno-

---

**3.** Because this claim is time-barred, we need not address Kuenzel's arguments regarding the propriety of the circuit court's alternative findings on this claim.

cence based on newly discovered material facts under Rule 32.1(e) is time-barred by Rule 32.2(c).

. We. note that it appears that Kuenzel attempted in his petition, albeit vaguely, to assert the doctrine of equitable tolling for his claim of newly discovered material facts, and he reasserts that argument on appeal. In his petition, Kuenzel alleged:

"While Kuenzel anticipates the State will argue that Kuenzel should have filed this successive Rule 32 petition in or about August 2010, within six months of its disclosure in March 2010 of evidence the State had long suppressed, at the time Kuenzel actively was litigating claims in federal court and, if relief had been granted, there would have been no need for this proceeding. Moreover, the State can identify no prejudice because at no time did Kuenzel delay in presenting his evidence, and Kuenzel had no control over when (or if) the State would eventually decide to produce evidence that Kuenzel always had been entitled to receive; evidence that plainly could not have been discovered earlier through the exercise of reasonable diligence because it was being suppressed by the State. If any party has been prejudiced by the delayed presentation of evidence, it is Kuenzel."

(C. 44–45.)[4] The circuit court rejected this argument as insufficient to establish that Kuenzel was entitled to equitable tolling. We agree with the circuit court.

 It is well settled that equitable tolling of the limitations period in Rule 32.2(c) "is available in extraordinary circumstances that are beyond the petitioner's control and that are unavoidable even with the exercise of diligence." *Ex parte Ward,* 46 So.3d 888, 897 (Ala.2007). In other words, a Rule 32 petitioner is entitled to equitable tolling of the limitations period in Rule 32.2(c) if extraordinary circumstances beyond the petitioner's control prevented the petitioner from timely filing his or her Rule 32 petition despite the petitioner's exercise of diligence. See, e.g., *Helton v. Secretary for Dep't of Corr.,* 259 F.3d 1310, 1312 (11th Cir.2001) ("Equitable tolling can be applied . . . when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."); and *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000) (noting that a habeas corpus petitioner is entitled to equitable tolling if he or she establishes an "extraordinary circumstance beyond his [or her] control that prevented him [or her] from complying with the statutory time limit"). "Because equitable tolling is 'an extraordinary remedy,' it 'is limited to rare and exceptional circumstances' and 'typically applied sparingly.'" *Hunter v. Ferrell,* 587 F.3d 1304, 1308 (11th Cir.2009) (quoting *Lawrence v. Florida,* 421 F.3d 1221, 1226 (11th Cir. 2005), aff'd, 549 U.S. 327, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007)). Moreover, "[b]ecause the limitations provision is mandatory and applies in all but the most extraordinary of circumstances, when a petition is time-barred on its face the petitioner bears the burden of demonstrating in his petition that there are such extraordinary circumstances justifying the application of the doctrine of equitable tolling." *Ex parte Ward,* 46 So.3d at 897. "A petition that does not assert equitable tolling, or that asserts it but fails to state any principle of law or any fact that would entitle the petitioner to the equitable tolling of the applicable limitations provision, may be

---

4. Although Kuenzel repeatedly stated in his petition that the State had "suppressed" the alleged newly discovered material facts, Kuenzel did not specifically raise a *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), claim in his petition.

summarily dismissed without a hearing." *Id.* at 897–98.

In this case, Kuenzel's vague attempt to assert equitable tolling is woefully insufficient to establish the existence of extraordinary circumstances beyond Kuenzel's control that were unavoidable even with the exercise of diligence and that prevented Kuenzel from timely filing his Rule 32 petition within the six-month limitations period for newly discovered material facts applicable here. Kuenzel argued that he was entitled to equitable tolling because, he said, his failure to timely file his Rule 32 petition alleging newly discovered material facts was the result of his litigating his habeas corpus petition in federal court. However, his pending federal habeas petition was not an extraordinary circumstance that prevented him from filing a Rule 32 petition within six months of his learning, in March 2010, about the alleged newly discovered material facts. Kuenzel has cited no authority, and we have found none, that prevents a Rule 32 petitioner from filing a Rule 32 petition in state court while he or she has a habeas petition pending in federal court.

Kuenzel further appeared to allege that he was entitled to equitable tolling because, he said, the State would not be prejudiced if equitable tolling were applied to toll the limitations period in Rule 32.2(c). However, the alleged lack of prejudice to the State is not a valid basis for the application of equitable tolling. Alleged lack of prejudice to the State is not an extraordinary circumstance and certainly would not operate to prevent a Rule 32 petitioner from timely filing a Rule 32 petition.

It is apparent here that Kuenzel could have timely filed his Rule 32 petition within six months of his learning of the alleged newly discovered material facts, or by September 2010, but that he made a conscious choice not to do so in hopes of obtaining relief in federal court. Only when he did not obtain the relief he wanted in federal court did Kuenzel decide to pursue a state remedy. However, the doctrine of equitable tolling does not permit a Rule 32 petitioner to belatedly reconsider his or her choice not to timely file a Rule 32 petition only after he or she is denied relief in another forum. Therefore, Kuenzel is not entitled to equitable tolling.

### III.

Rule 32.7(d), Ala. R.Crim. P., authorizes the circuit court to summarily dismiss a petitioner's Rule 32 petition

"[i]f the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings...."

See also *Hannon v. State,* 861 So.2d 426, 427 (Ala.Crim.App.2003); *Cogman v. State,* 852 So.2d 191, 193 (Ala.Crim.App.2002); *Tatum v. State,* 607 So.2d 383, 384 (Ala.Crim.App.1992). Because both of Kuenzel's claims were time-barred by Rule 32.2(c) and because Kuenzel failed to allege in his petition any principle of law or any fact that would entitle him to equitable tolling, summary disposition of Kuenzel's Rule 32 petition was appropriate.

Based on the foregoing, the judgment of the circuit court is affirmed.

AFFIRMED.

WELCH, BURKE, and JOINER, JJ., concur.

WINDOM, P.J. recuses herself.