Ex parte William Ernest KUENZEL.

(In re William Ernest Kuenzel

v.

STATE of Alabama).

1141359.

Supreme Court of Alabama.

April 1, 2016.

Lucas C. Montgomery of Montgomery Ponder LLC, Birmingham; G. Douglas Jones of Jones & Hawley, P.C., Birmingham; David A. Kochman of Henry Schein, Inc., Melville, New York; and Jeffrey E. Glen of Anderson Kill, P.C., New York, New York, for petitioner.

Submitted on certiorari petition only.

BRYAN, Justice.

WRIT DENIED. NO OPINION.

STUART, BOLIN, PARKER, SHAW, MAIN, and WISE, JJ., concur.

MOORE, C.J., and MURDOCK, J., dissent.

MOORE, Chief Justice (dissenting).

William Ernest Kuenzel has been on death row in Alabama since 1988. He was convicted of murder for the killing of Linda Jean Offord, a convenience-store clerk. The murder was made capital because Offord was killed during an armed robbery. See § 13A–5–40(a)(2), Ala.Code 1975. The main witness against Kuenzel was Harvey Venn, with whom Kuenzel shared a residence. Venn, who pleaded guilty as an accomplice to the murder, testified that Kuenzel suggested robbing the convenience store in Sylacauga. Venn owned a 1984 Buick Regal automobile, which a number of witnesses testified to seeing at the convenience store on the night of the murder with Venn in the driver's seat and an unidentified man in the front passenger seat. Venn testified that he sat in the car while Kuenzel went inside the convenience store with a 16–gauge shotgun. Venn heard a shot and saw the clerk fall backwards. Offord died shortly thereafter from a gunshot wound to the chest.

The only witness, apart from Venn, who identified Kuenzel as being at the scene was then 16–year–old April Harris, who testified that she was riding in a car past the convenience store approximately an hour before the murder and that she saw Venn and Kuenzel inside the store. Without Harris's identification, the evidence was insufficient to convict Kuenzel. Alabama requires that accomplice testimony be corroborated:

"A conviction of felony cannot be had on the testimony of an accomplice unless corroborated by *other evidence tending to connect the defendant with the commission of the offense,* and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient."

§ 12–21–222, Ala.Code 1975 (emphasis added). The corroboration requirement exists to protect the innocent from the natural tendency of malefactors to avoid the consequences of their actions, thus "recognizing the fraility of human nature and proneness of one caught in the meshes of the law to lay his crime on another, if by so doing he may escape a just punishment." *Segars v. State,* 19 Ala.App. 407, 407–08, 97 So. 747, 747 (1923). In the

absence of the corroboration requirement, "any guilty party is apt to implicate an innocent party in exchange for a grant of immunity from prosecution." *Lindhorst v. State*, 346 So.2d 11, 15 (Ala.Crim.App. 1977).

The Alabama Court of Criminal Appeals on direct appeal found Harris's corroboration testimony adequate to satisfy the statute:

> "Excluding Venn's testimony, the evidence shows that the murder was committed shortly after 11:00 p.m. April Harris testified that she saw Venn's car at the store between 9:30 and 10:00 p.m. and that she saw both Venn and [Kuenzel] inside the store at that time. Other witnesses testified that Venn and an unidentified white male were at the store sitting in Venn's automobile around 10:00 or 10:30 p.m. In our opinion, this testimony, while certainly not overwhelming, was sufficient to corroborate Venn's testimony and to satisfy the requirements of § 12–21–222."

*Kuenzel v. State*, 577 So.2d 474, 514 (Ala. Crim.App.1990), aff'd, 577 So.2d 531 (Ala. 1991).

I question whether the corroboration evidence was sufficient to satisfy the statute. The methodology for testing corroboration evidence is first to eliminate the accomplice's testimony and then to see "if upon examination of all the other evidence there is sufficient inculpatory evidence tending to connect the defendant with the commission of the offense." *Sorrell v. State*, 249 Ala. 292, 293, 31 So.2d 82, 83 (1947) (quoting 2 Wharton, *Criminal Evidence* § 752 (11th ed.)). Leaving out Venn's testimony, the only evidence presented to this Court tending to connect Kuenzel to the murder of Offord is Harris's drive-by sighting of Venn and Kuenzel in the convenience store an hour or more before the crime. Though one might speculate from this evi-

dence that Kuenzel was involved in the crime, the sighting is also consistent with his innocence. "Corroboration, to be legally sufficient, must be unequivocal and of a substantive character. It must be inconsistent with innocence of the defendant and do more than raise a suspicion of guilt." *White v. State*, 48 Ala.App. 111, 117, 262 So.2d 313, 319 (Ala.Crim.App. 1972). Indeed, Harris's testimony, in the absence of Venn's testimony, tends neither to incriminate nor to exonerate Kuenzel. A fact presented to corroborate accomplice testimony "is not sufficient if it is equivocal or uncertain in character and must be such that legitimately tends to connect the defendant with the crime." *Sorrell*, 249 Ala. at 293, 31 So.2d at 83.

> "Being in the company of an accomplice in proximity in time and place to the commission of a crime is not always sufficient corroboration to meet the requirements of our statute.... Yet, when the accomplice and accused are seen together in rather unusual places and times, in proximity to the scene of the crime which was committed at an unseasonable hour, the requirements of corroboration are met."

*Tidwell v. State*, 37 Ala.App. 228, 230–31, 66 So.2d 845, 847 (1953).

One's presence in a convenience store at 9:30–10:00 p.m. is not of itself unusual. Although connecting Kuenzel to the place of the crime, his presence there does not connect him to the crime itself or the time of its occurrence, which was after 11:00 p.m. "[M]ere presence at the scene of the crime is not enough to support a conviction." *Ex parte Smiley*, 655 So.2d 1091, 1095 (Ala.1995). Corroboration evidence "must tend to connect the defendant with the crime or point to the defendant, as distinguished from another person, as the perpetrator of the crime." 2 Charles W. Gamble & Robert J. Goodwin, *McElroy's*

Alabama Evidence § 300.01(5) (6th ed.2009).)

Regardless of the weakness of the corroboration evidence, the merits of Kuenzel's murder conviction are not before us. Kuenzel raised the corroboration issue on direct appeal, and, as stated above, the Court of Criminal Appeals ruled against him and this Court affirmed that judgment. He has now filed his second Rule 32, Ala. R.Crim. P., petition. Further review of the corroboration evidence presented at Kuenzel's trial is precluded by the rule against successive petitions, Rule 32.2(b), Ala. R.Crim. P., and the bar against raising issues in a Rule 32 petition that have already been decided on direct appeal. Rule 32.2(a)(4), Ala. R.Crim. P. However, Kuenzel does not seek review of the trial evidence. Instead he argues that he wishes to present "newly discovered material facts," Rule 32.1(e), Ala. R.Crim. P., that require reversal of his conviction. The evidence he proffers as newly discovered is grand-jury testimony of April Harris, first disclosed in 2010, that, he claims, indicates she could not identify Kuenzel as the man she saw in the convenience store on the night of the murder. Because the discovery of this evidence occurred over two decades after Kuenzel's conviction, his only procedural route for bringing that evidence before the circuit court for a hearing was a new Rule 32 petition filed within six months of discovery of that evidence. Rule 32.1(c), Ala. R.Crim. P. Kuenzel filed his current Rule 32 petition in September 2013, long past the six-month filing deadline.

That deadline, however, is not jurisdictional and in extraordinary circumstances may be disregarded under the doctrine of equitable tolling. *Ex parte Ward,* 46 So.3d 888, 896–98 (Ala.2007). In general "equi-

table tolling is available in extraordinary circumstances that are beyond the petitioner's control and that are unavoidable even with the exercise of diligence." 46 So.3d at 897. Kuenzel argues that he was litigating his postconviction claims in federal court when he learned of the previously undisclosed grand-jury transcripts[1] and that he deferred filing his Rule 32 petition alleging newly discovered evidence until the federal proceedings concluded. The Court of Criminal Appeals, perceiving no reason why Kuenzel could not file his second Rule 32 petition while his federal case was proceeding, affirmed the circuit court's finding that the petition was untimely.

Ordinarily, that would be the end of the matter. Because of the irreversibility of the death penalty, however, I believe some leeway may be warranted in this case. " 'In a capital case such as this, the consequences of error are terminal, and we therefore pay particular attention to whether principles of "equity would make the rigid application of a limitation period unfair" and whether the petitioner has "exercised reasonable diligence in investigating and bringing [the] claims." ' " *Ex parte Ward,* 46 So.3d at 897 (quoting *Fahy v. Horn,* 240 F.3d 239, 245 (3d Cir.2001), quoting in turn *Miller v. New Jersey Dep't of Corr.,* 145 F.3d 616, 618 (3d Cir.1998)).

A significant consideration, I believe, in assessing the equities in this matter is that Kuenzel's first Rule 32 petition, filed in 1993, was never heard on the merits because of another missed deadline. Kuenzel's attorney at that time apparently measured the time for filing his first Rule 32 petition from the denial of a petition for the writ of certiorari by the United States Supreme Court rather than by this Court.

[1] In addition to the disclosure in 2010 of Harris's grand-jury testimony, Kuenzel also claims that he became aware of other exonerating evidence at that time.

See *Kuenzel v. State*, 204 So.3d 910, 912 (Ala.Crim.App.2015). Ultimately the trial court dismissed that petition. as time-barred and thus did not hold an evidentiary hearing. *Id.* Kuenzel subsequently litigated his claims in federal court, but, because of the procedural default in state court, had to meet the high burden of demonstrating that " 'it is more likely than not that no reasonable juror would have found [Kuenzel] guilty beyond a reasonable doubt.' " *Kuenzel v. Commissioner, Ala. Dep't of Corr.*, 690 F.3d 1311, 1315 (11th Cir.2012) (quoting *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)).

Kuenzel's counsel apparently delayed filing his second Rule 32 petition in state court until the conclusion of the federal proceedings. The current petition was filed September 23, 2013, four months after the United States Supreme Court denied Kuenzel's petition for a writ of certiorari in his federal case. *Kuenzel v. Thomas*, 569 U.S. ——, 133 S.Ct. 2759, 186 L.Ed.2d 192 (2013). Because that petition has now also been defaulted, Kuenzel has never had an opportunity to present a postconviction claim on the merits in state court. Further, the original state-court default adversely affected his standard of proof in federal court. Although "[i]n noncapital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling," *Fahy*, 240 F.3d at 244, I believe that in this *capital* case the procedural errors that have consistently prevented Kuenzel from having a Rule 32 petition considered on the merits may constitute an extraordinary circumstance that could justify granting him relief from his second default.

Another consideration may reinforce this argument. Kuenzel argues in his brief that Alabama law prohibits the same claims from being heard simultaneously in two different courts in this state. "No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party." § 6–5–440, Ala.Code 1975. "[T]he courts of this state" include federal courts. *Johnson v. Brown–Serv. Ins. Co.*, 293 Ala. 549, 307 So.2d 518 (1974). Kuenzel argues that his delay in filing his second Rule 32 claim while he was litigating the same matter in federal court is consistent with the policy embodied in that statute. I believe that certiorari review would allow the Court to fully consider this argument too.

Because Kuenzel, a death-row inmate, has never had an opportunity to present his postconviction claims on the merits in any Alabama court and because the two procedural defaults may not have arisen from a lack of diligence on his part in pursuing his claims, but from unfortunate errors of counsel, I would grant Kuenzel's petition for a writ of certiorari to examine whether he qualified for equitable tolling of the six-month filing deadline for presenting newly discovered evidence. Because the transcript of Harris's grand-jury testimony may shed further doubt on what I consider to be a questionable application of the accomplice-corroboration statute, I believe that equitable tolling, if appropriate, could potentially alter the ultimate disposition of this case.

Therefore, I respectfully dissent from the decision to deny Kuenzel's petition for a writ of certiorari.